HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JERMAINE SATTERWHITE,

          Plaintiff,

   v.

MARIA LUISA DY, et al.,

          Defendants.

CASE NO. C11-528 RAJ

ORDER DENYING MOTION TO DISMISS AND MOTION TO SUPPLEMENT

This matter comes before the court on the motions to dismiss and to supplement the record by federal defendants Maria Dy, Manuell Lacist, Kendall Hirano,[1] and Denise Duble. Dkt. # 35, #42. With respect to the motion to dismiss, defendants argue that plaintiff Jermaine Satterwhite's claims should be dismissed with prejudice because he failed to comply with the mandatory exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Satterwhite argues that defendants have failed to demonstrate that administrative remedies are available, and that prisoners are not

---

[1] The court dismissed defendant Hirano pursuant to the stipulation of the parties. Accordingly, the court has not addressed Mr. Hirano's arguments regarding absolute immunity.

ORDER DENYING MOTION TO DISMISS AND MOTION TO SUPPLEMENT- 1

required to exhaust remedies when prison officials render administrative relief constructively unavailable.

Having considered the memoranda, exhibits, and the record herein, the court DENIES the motion to supplement (Dkt. # 42) and the motion to dismiss (Dkt. # 35).

**A. Motion to Supplement**

On January 12, 2012, defendants moved to supplement the record based on one sentence: "Federal Defendants request leave to update the Court and the record as to Plaintiff Jermaine Satterwhite's current status and location, as well as the applicability of the BOP's Administrative Remedy Procedure to Mr. Satterwhite, in light of the Plaintiff's changed circumstances, which is set forth in the attached declaration." Dkt. # 42. Plaintiff argues that defendants improperly introduced new evidence and argument that violates Fed. R. Civ. P. 56(c), and that plaintiff is exempt from PLRA exhaustion requirements because he is no longer a prisoner for purposes of PLRA. Dkt. # 43. Defendants respond that plaintiff is bound by the PLRA because he was a prisoner at the time the action commenced. Dkt. # 44.

Plaintiff has not moved the court to strike material attached for the first time in defendants' reply in support of their motion to dismiss (*see* Dkt. #40 (Ringwood Decl.)), or attached to the motion to supplement the record (*see* Dkt. #42-1 (Straight Decl.)). Local Civ. R. 7(g). Rather, plaintiff asks the court to deny both of defendants' motions because they "improperly submit evidence and arguments that existed at the time they filed their original motion to dismiss and the documents and any argument pertaining to them should have been included in that motion." Dkt. # 43 at 4.

Plaintiff quotes the Sixth Circuit for the proposition that when new evidence or argument is included in a reply memorandum and a non-movant's ability to respond to the new evidence has been vitiated, a problem arises with respect to Rule 56. Dkt. # 43 at 6 (quoting *Seay v. Tenn. Valley Authority*, 339 F.3d 454, 481-82 (6th Cir. 2003)). In that

case, the district court relied on new evidence submitted with a reply in entering summary judgment three days after the reply brief was submitted. *Seay*, 339 F.3d at 481. The court concluded that plaintiff was not provided an adequate opportunity to respond to the new evidence. *Id.* In contrast to the nonmoving party in *Seay*, plaintiff has had opportunity to respond to the new evidence and arguments in his opposition to the motion to supplement.[2]

Nevertheless, the declarations of Mr. Straight (Dkt. # 42-1) and Mr. Ringwood (Dkt. # 40) do not comply with 28 U.S.C. § 1746 because they do not declare under penalty of perjury "that the foregoing is true and correct." Rather, they declare that "in accordance with the provisions of 28 U.S.C. § 1746 that the above is accurate to the best of my knowledge and belief." Dkt. # 40 at 8, # 42-1 at 5. Although the declarations reference section 1746, attesting that "the above is accurate to the best of my knowledge and belief" is not the same as attesting to the truth of the statement. Mr. Ringwood's failure to declare that his statements are true is not surprising given that portions of Mr. Ringwood's declaration do not appear to be based on personal knowledge. Rather, portions of the declaration appear to be pure speculation of what could have happened and improper opinion testimony. Fed. R. Evid. 602, 701. Additionally, Mr. Straight's declaration incorrectly states that "inmate Satterwhite has not filed any administrative remedies" despite defendants' concession that he did.

Accordingly, the court STRIKES the Straight and Ringwood declarations because they do not attest that their statements are true and correct as required by 28 U.S.C. § 1746.[3] Dkt. # 40, 42-1. *See Davenport v. Bd. of Trustees of State Ctr. Cmty. Coll. Dist.*,

---

[2] The court notes that plaintiff incorrectly relies on Fed. R. Civ. P. 15(d), which governs supplemental pleadings. Motions and declarations are not considered pleadings under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 7.

[3] The court notes that the declarations of Jennifer Vickers and David Roff suffer from the same defect. Dkt. # 36 and # 37. Accordingly, the court also STRIKES these declarations. The

654 F. Supp. 2d 1073, 1083 (E.D. Cal. 2009) (declarations that state only that declarant had "personal knowledge of the facts" and "will testify to these at trial" rejected); *Cobell v. Norton*, 310 F. Supp. 2d 77, 84-85 (D.D.C. 2004) (statement based on "knowledge, information and belief" insufficient). The court will, however, take judicial notice of Exhibit 1 to the Ringwood Declaration, Program Statement 1330.16 (Dkt. # 40-1), which provides the Bureau of Prison's procedural guidelines for the administrative remedy program, and is available at www.bop.gov. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of official information posted on a governmental website, the accuracy of which was undisputed); *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n.2 (9th Cir. 2004) (taking judicial notice of a record of a state agency not subject to reasonable dispute).

Plaintiff seems to concede that the fact of plaintiff's release from prison is irrelevant, but then argues that the PLRA exhaustion requirements no longer apply to him. Dkt. #43 at 4:10-11, 9-11. The Ninth Circuit has held that "only individuals who are prisoners (as defined by 42 U.S.C. § 1997e(h)) at the time they file suit must comply with exhaustion requirements of 42 U.S.C. § 1997e(a).[4] *Talamantes v. Leyva*, 575 F.3d 1021, 1024 (9th Cir. 2009). Accordingly, a prisoner who files a lawsuit after s/he is released from custody is not required to exhaust administrative remedies. *Id.*

There is no dispute that plaintiff filed his complaint while he was a prisoner. Accordingly, plaintiff would still be required to exhaust administrative remedies. *See id.* ("[W]e will also adhere to the plain language of the statute as applied to a person who has been released from prison altogether."); *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir.

---

court notes that even if it had not stricken the declarations submitted by defendants, their motion to dismiss would still be denied for the reasons stated below.

[4] 42 U.S.C. 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

2000) (holding that "only individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are 'prisoners' within the definition of 42 U.S.C. § 1997e and 28 U.S.C. § 1915."). *See also Cox v. Mayer*, 332 F.3d 422, 425 (6th Cir. 2003) (plaintiff required to exhaust administrative remedies because he was a prisoner when he brought suit and suit implicates prison conditions); *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002) (the fact that plaintiff was no longer a prisoner at the time of the appeal did not excuse him from exhaustion since he was a prisoner at the time the complaint was filed); *Becker v. Vargo*, Case No. 02-7380CO, 2004 WL 1068779, *3 (D.Or. 2004) (rejecting plaintiff's argument that since he had been released from prison, he was no longer a prisoner subject to PLRA exhaustion requirements).

Given that the court finds that the PLRA exhaustion requirements apply upon plaintiff's release from prison, the court finds that his change in status is irrelevant to the court's analysis of the motion to dismiss.

Accordingly, the court DENIES defendants' motion to supplement. Dkt. # 42.

**B. Motion to Dismiss**

Failure to exhaust administrative remedies under section 1997e(a) of the PLRA is an affirmative defense, and defendants have the burden of proving the absence of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The proper procedure for challenging a prisoner's complaint for failure to exhaust administrative remedies is to file "an unenumerated 12(b) motion rather than a motion for summary judgment." *Wyatt*, 315 F.3d at 1119. "In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20. A defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result

of that process. *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005). Relevant evidence in so demonstrating includes "statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process, and information provided to the prisoner concerning the operation of the grievance procedure in this case, such as in the response memoranda in these cases." *Id.* at 937. "With regard to the latter category of evidence, information provided the prisoner is pertinent because it informs [the court's] determination of whether relief was, as a practical matter, 'available.'" *Id.* "The 'availability' of relief does not turn on what the prisoners might have been told at the time they filed their complaints, but rather on how the prison viewed and treated their complaint based on its own procedures." *Id.* at 942 n.17. "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Wyatt*, 315 F.3d at 1120.

Program Statement 1330.16 provides the procedure for the administrative remedy program. The court finds section 13, entitled Remedy Processing, particularly relevant:

> a. <u>Receipt</u>. Upon receiving a Request or Appeal, the Administrative Remedy Clerk shall stamp the form with the date received, log it into the SENTRY index as received on that date, and write the "Remedy ID" as assigned by SENTRY on the form. . . .
>
> All submissions received by the Clerk, whether accepted or rejected, shall be entered into SENTRY in accordance with the SENTRY Administrative Remedy Technical Reference Manual.
> * * *
> b. <u>Investigation and Response Preparation</u>. The Clerk or Coordinator shall assign each filed Request or Appeal for investigation and response preparation.
> * * *
> Requests or Appeals shall be investigated thoroughly, and all relevant information developed in the investigation shall ordinarily be supported by written documents or notes of the investigator's findings. Notes should be sufficiently detailed to show the name, title, and location of the information provided, the date the

> information was provided, and a full description of the information provided. Such documents and notes shall be retained with the case file copy. When deemed necessary in the investigator's discretion, the investigator may request a written statement from another staff member regarding matters raised in the Request or Appeal. Requested staff shall provide such statements promptly. . . .
>
> c. <u>Responses</u>. Responses ordinarily shall be on the form designed for that purpose, and shall state the decision reached and the reasons for the decision. The first sentence or two of a response shall be a brief abstract of the inmate's Request or Appeal, from which the SENTRY abstract should be drawn. This abstract should be complete, but as brief as possible. The remainder of the response should answer completely the Request or Appeal, be accurate and factual, and contain no extraneous information. . . .
>
> Program Statements, Operations Memoranda, regulations, and statutes shall be referred to in responses whenever applicable, including section numbers on which the response relies. . . .

Dkt. # 40-1 at 11-13 (Ex. 1 to Ringwood Decl.).

Here, plaintiff submitted a Request on October 19, 2009. Dkt. # 39 at 6 (Ex. 1 to Satterwhite Decl.). It is undisputed that the Request was never entered into SENTRY as required by Program Statement 1330.16. It appears that on or around October 26, 2009, plaintiff's Request was rejected in a handwritten note: "A BP-9 is not the proper procedure for monetary damages. You must submit a tort claim form to the Western Regional Office Legal Counsel." *Id.* No response memorandum was entered into SENTRY, and the handwritten response does not seem to comply with Program Statement 1330.16. Most importantly, no other information was communicated to plaintiff in the response. The response did not state that the Request was rejected because it was untimely. *Contrast Marella v.Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) (form rejecting appeal stated it was not timely filed). The response did not state that the Request was rejected because plaintiff submitted it to the wrong institution. The

Response did not state that further review or appeal was available. The Response did not state or otherwise indicate that an investigation would be undertaken.[5] The Response did not state that administrative remedies were available. Rather, the response stated "You **must** submit a tort claim . . . ." Dkt. # 39 at 6 (Ex. 1 to Satterwhite Decl.).

The court finds that the reasonable interpretation of the two sentence rejection is that no administrative relief was available. *See Brown*, 422 F.3d at 937-38 (no further administrative relief available where memorandum did not counsel that any further review was available). *See also Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (holding that "improper screening of an inmate's administrative grievances renders administrative remedies 'effectively unavailable' such that exhaustion is not required under the PLRA."). After the fact pontifications of what could have happened or possible reasons for rejection, without admissible evidence, does not satisfy defendants' burden. *See Brown*, 422 F.3d at 940 ("Establishing, as an affirmative defense, the existence of further 'available' administrative remedies requires evidence, not imagination."); *Sapp*, 623 F.3d at 825 (considering actual reasons administrative grievance was screened out).

Accordingly, the court finds that defendant has failed to meet its burden of demonstrating that pertinent relief remained available. *Brown*, 422 F.3d at 936-37.

**C. Conclusion**

For all the foregoing reasons, the court DENIES defendants' motion to dismiss (Dkt. # 35) and motion to supplement (Dkt. # 42).

---

[5] The court notes that defendants have not presented any evidence that an investigation actually was undertaken prior to the rejection.

Dated this 5th day of March, 2012.

*Richard A. Jones* (signature)

The Honorable Richard A. Jones
United States District Judge